IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY F., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 0245 |
| v. ) | |
| ) | Magistrate Judge Finnegan |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Larry F. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and Plaintiff filed a brief explaining why the Commissioner's decision should be reversed or the case remanded. The Commissioner responded with a competing motion for summary judgment in support of affirming the ALJ's decision. After careful review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

## BACKGROUND

Plaintiff protectively filed for DIB on July 13, 2018, alleging disability since June 11, 2018 due to back pain, lumbar spondylosis, facet syndrome, lumbar stenosis, lumbar degenerative disc disease, high blood pressure, and asthma. (R. 22, 147, 179). Born in

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. She is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

1

1956, Plaintiff was 62 years old as of the alleged disability onset date making him a person closely approaching retirement age (age 60 or older). 20 C.F.R. § 404.1563(e). He graduated from high school and lives alone. (R. 42, 49, 180). Plaintiff spent more than 16 years working at a liquor warehouse, throwing cases on a conveyer. (R. 43, 180). Following a work-related back injury in May 2017, the warehouse allowed Plaintiff to continue working for a period in a "made up job" to accommodate his pain and limitations. (R. 45). That position ended as of June 11, 2018 and Plaintiff has not engaged in any substantial gainful activity since that date. (R. 45-46).

The Social Security Administration denied Plaintiff's application initially on March 20, 2019, and again upon reconsideration on July 12, 2019. (R. 58-81). He filed a timely request for a hearing and appeared before administrative law judge David R. Bruce (the "ALJ") on February 26, 2020. (R. 36). The ALJ heard testimony from Plaintiff, who was represented by counsel, and from vocational expert Liala Slaise (the "VE"). (R. 38-57). On March 10, 2020, the ALJ found that Plaintiff's degenerative disc disease of the back is a severe impairment, but that it does not alone or in combination with his non-severe impairments meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 24-26). After reviewing the medical and testimonial evidence, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a full range of light work. (R. 26-31).

The ALJ accepted the VE's testimony that a person with Plaintiff's background and this RFC can perform Plaintiff's past relevant work as a bottling-line attendant, and so found Plaintiff not disabled at any time from the June 11, 2018 alleged disability onset date through the date of the decision. (R. 31-32, 55). The Appeals Council denied

Plaintiff's request for review on November 16, 2020. (R. 1-6). That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009); *Payne v. Colvin*, 216 F. Supp. 3d 876, 880 (N.D. Ill. 2016).

In support of his request for reversal or remand, Plaintiff argues that: (1) the ALJ erred in relying on the VE's testimony that he can perform past relevant work; and (2) the Appeals Council erred in declining to consider evidence he submitted from his own vocational expert, Susan A. Entenberg. As discussed below, this Court finds that the case must be remanded for further consideration of Plaintiff's ability to perform past relevant work.

## DISCUSSION

### A.  Standard of Review

Judicial review of the Commissioner's final decision is authorized by section 405(g) of the Social Security Act (the "SSA"). *See* 42 U.S.C. § 405(g). In reviewing this decision, the Court may not engage in its own analysis of whether Plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart,* 362 F.3d 995, 1001 (7th Cir. 2004) (internal citation omitted). Nor may it "displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The court "will reverse an ALJ's determination only when it is not supported by substantial evidence, meaning 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pepper v. Colvin*, 712 F.3d 351, 361-62 (7th Cir. 2013) (quoting *McKinzey v. Astrue,* 641 F.3d 884, 889 (7th Cir. 2011)).

3

In making this determination, the court must "look to whether the ALJ built an 'accurate and logical bridge' from the evidence to [his] conclusion that the claimant is not disabled." *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)). The ALJ need not, however, "'provide a complete written evaluation of every piece of testimony and evidence.'" *Pepper*, 712 F.3d at 362 (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted)). Where the Commissioner's decision "'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

**B.     Five-Step Inquiry**

To recover DIB under the SSA, a claimant must establish that he is disabled within the meaning of the Act. *Snedden v. Colvin*, No. 14 C 9038, 2016 WL 792301, at *6 (N.D. Ill. Feb. 29, 2016). A person is disabled if he is unable to perform "any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Crawford v. Astrue*, 633 F.Supp.2d 618, 630 (N.D. Ill. 2009). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing "whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to

perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (citing 20 C.F.R. § 404.1520). If the claimant meets his burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id.*

**C.    Analysis**

Plaintiff does not challenge most aspects of the ALJ's decision, including the identification of his severe and non-severe impairments, the determination that he has the RFC for a full range of light work, the assessment of his subjective statements, or the evaluation of the opinion evidence. All of these arguments have been waived. *Underwood v. Saul*, 805 F. App'x 403, 406 (7th Cir. 2020) (arguments not raised before the district court are waived). The Court thus focuses on the issues addressed in Plaintiff's briefs – the ALJ's reliance on the VE's testimony in finding him capable of performing his past relevant work, and the Appeals Council's failure to consider a vocational opinion from Susan Entenberg.

**1.    VE Testimony as to Past Relevant Work**

At step four of the sequential analysis, the ALJ must consider whether the claimant's RFC allows him to perform his past relevant work. *Sevec v. Kijakazi*, 59 F.4th 293, 298 (7th Cir. 2023). In making this determination, ALJs are to adhere to the standards in Social Security Ruling 82-62, "which sets forth the policy and explain[s] the procedures for determining a disability claimant's capacity to do past relevant work (PRW)." *Id.* at 300 (quoting *Simila*, 573 F.3d at 513). The Ruling "notes that the determination of whether the claimant can perform past work 'has far-reaching implications and must be developed and explained fully in the disability decision. Since

5

this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.'" *Id.* In addition, the ALJ's "explanation of the decision must describe the weight attributed to pertinent medical and nonmedical factors in the case and reconcile any significant inconsistencies." *Id.* Though reasonable inferences may be drawn, "presumptions, speculations and suppositions must not be used." *Id.*

Plaintiff testified that from December 2001 until the June 11, 2018 alleged disability onset date, he worked at the Wirtz Beverage warehouse (then its successor company Breakthru Beverage) "throwing 3,000 cases a day" of wine and spirits weighing a total of 60 to 75 pounds onto a conveyor. (R. 42-43, 150-53). His job involved "[j]ust strictly manhandling the cases, putting – labeling them and throwing them on the line." (R. 44). The VE characterized this past relevant work as a bottling-line attendant, with a Dictionary of Occupational Titles ("DOT") code of 920.687-042. The VE testified that Plaintiff performed the bottling-line attendant job at the heavy level, but it is a light position as usually performed. (R. 55). According to the VE, at the typical light level of exertion, the position would be available to a person with Plaintiff's background and RFC. (R. 55-56). Based on this testimony, the ALJ concluded that Plaintiff can perform his past "Line worker" position as generally performed and so is not disabled. (R. 31).

Plaintiff first argues that the ALJ "breached his duty to ask whether there was a conflict between [the VE's] testimony and the DOT." (Doc. 19, at 7). Under Social Security Ruling 00-4p, an ALJ has an "'affirmative responsibility' to ask whether a vocational expert's evidence 'conflicts with information provided in the DOT' before relying on that evidence to support a determination of nondisability.'" *Overman v. Astrue*, 546

6

F.3d 456, 462-63 (7th Cir. 2008). *See also Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006) (an ALJ has an "affirmative duty . . . to inquire about conflicts between vocational expert testimony and the DOT."). There is no dispute that the ALJ failed to make this inquiry at the administrative hearing, which constitutes error.

The question here is whether the error was harmful. *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) ("The doctrine of harmless error indeed is applicable to judicial review of administrative decisions."). If "evidence from a VE 'appears to conflict with the DOT,' SSR 00-4p requires further inquiry: an ALJ must obtain 'a reasonable explanation for the apparent conflict.'" *Overman*, 546 F.3d at 463 (quoting SSR 00-4p). A conflict is apparent if it is "so obvious that the ALJ should have picked up on [it] without any assistance." *Weatherbee v. Astrue*, 649 F.3d 565, 570 (7th Cir. 2011) (quoting *Overman*, 546 F.3d at 463). The ALJ must resolve any apparent conflicts even if the claimant's counsel did not raise the issue at the administrative level. *Overman*, 546 F.3d at 463. *See also Brown v. Colvin*, 845 F.3d 246, 254-55 (7th Cir. 2016) (where an apparent conflict exists, "a claimant's failure to object during a hearing cannot excuse an ALJ's failure to" obtain a reasonable explanation for the conflict).

The Commissioner denies that there is any conflict at all between the VE's testimony and the DOT because the ALJ found Plaintiff capable of performing light work, and the VE correctly classified the bottling-line attendant job as light. (Doc. 23, at 3). This argument is a nonstarter because the conflict Plaintiff identifies has nothing to do with the exertional level associated with the bottling-line attendant position. Rather, Plaintiff argues that the job he described at the hearing – throwing 3,000 cases of liquor weighing up to 75 pounds onto a conveyor each day – bears little resemblance to the bottling-line

7

attendant job the VE identified as his PRW (DOT 920.687-042). (Doc. 19, at 8; Doc. 24, at 2-3). *See Charles P. v. Saul*, No. 19 C 1525, 2020 WL 2404882, at *3 (N.D. Ill. May 12, 2020) ("[T]he VE's adjustment of Plaintiff's exertion level from 'medium' to 'light' as actually performed did not resolve the critical conflict between Plaintiff's described job duties and the DOT's listed job duties.").

>The cited DOT code indicates that a bottling-line attendant does the following:
>
>Prepares filled whiskey bottles for packing and shipping, performing any combination of [the] following duties: Pastes labels and tax stamps on filled whiskey bottles as bottles pass on conveyor. Examines bottles to ascertain that labels and stamps have been correctly applied. Straightens labels and stamps on bottles. Presses stamps on necks of bottles. Wipes excess glue and moisture from bottles. Packs whiskey bottles into cartons. Pastes identification labels on cartons.

DOT 920.687-042, 1991 WL 687971. This position appears to have little in common with Plaintiff's described job duties: he did not place labels or stamps on individual bottles of liquor; examine the bottles to ensure that labels and stamps were affixed properly; straighten labels and stamps on bottles; wipe excess glue and moisture off bottles; or pack individual bottles into cartons. (Doc. 19, at 9; Doc. 24, at 2-3). Both Plaintiff's PRW and the bottling-line attendant jobs "involve liquor, conveyors, and sticking labels someplace" (Doc. 24, at 3), but that is where the similarities end. The ALJ "needed to further question the VE to determine if there was a reasonable explanation that would reconcile the two" positions. *Charles P.*, 2020 WL 2404882, at *3.

The Commissioner cannot overcome Plaintiff's evidence of an apparent conflict by citing to his Work History and Function Reports characterizing his PRW as "Line worker." (Doc. 23, at 3-4) (citing R. 169, 180, 217). Plaintiff made clear in those reports that he primarily lifted and carried boxes or crates of alcohol, placed them onto a pallet or

8

conveyor belt, and at times drove a forklift to move the pallets. (R. 170, 181, 217). Again, none of these tasks form part of the bottling-line attendant job. And even if this "apparent unresolved conflict was not apparent to the ALJ at the time of the hearing it should have become apparent 'at least by the time the ALJ produced his ruling.'" *Turner v. Colvin*, No. 14 C 2237, 2016 WL 3088134, at *11 (N.D. Ill. June 2, 2016) (quoting *Overman*, 546 F.3d at 464). The Court notes that the failure to resolve the apparent conflict between the VE's testimony and the DOT is especially significant here. Since Plaintiff was 62 years old when he applied for benefits and has no transferrable job skills, he would be presumptively disabled under the grids if the ALJ found him unable to perform his past relevant work. (R. 55); 20 C.F.R. Part 404, Subpart P, Appendix 2, § 202.04.

Viewing the record as a whole, the ALJ erred in relying on the VE's testimony regarding Plaintiff's PRW without obtaining a reasonable explanation for the apparent conflict with the DOT, and the case must be remanded for further consideration of this issue.

### 2. Opinion from VE Entenberg

Plaintiff argues that the case also requires remand because the Appeals Council erred in declining to consider evidence from his own vocational expert, Susan Entenberg. On March 12, 2020, two days after the ALJ issued his decision, Plaintiff submitted Entenberg's opinion that Plaintiff's PRW was material handler, DOT 929.687-030, and not bottling-line attendant. (R. 13). Having determined that the case must be remanded to resolve an apparent conflict between the VE's testimony and the DOT, this Court need not assess the parties' arguments as to whether Entenberg's opinion constitutes new and material evidence that the Appeals Council should have considered. That said, the ALJ

should take the opportunity on remand to consider any DOT positions that the VE identifies as Plaintiff's PRW, inquire as to inconsistencies between the VE's testimony and the DOT, and explore reasonable explanations for such inconsistencies as appropriate.

## CONCLUSION

For reasons stated above, Plaintiff's request to reverse or remand the case is granted and the Commissioner's Motion for Summary Judgment [22] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

ENTER:

Dated: March 8, 2023

_____
SHEILA FINNEGAN
United States Magistrate Judge